■ B. MAN YOON, Appellant, v FORDHAM UNIVERSITY, Respondent. [628 NYS2d 288] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 18, 1994, which, *inter alia*, dismissed plaintiff's third cause of action for breach of contract, unanimously reversed, on the law, and the third cause of action in the complaint reinstated and the matter remanded for further proceedings, without costs.

Having achieved tenure, plaintiff filed a complaint with the State Division of Human Rights charging failure to promote because of race and national origin. He also alleged retaliation upon which charge the Division issued a notice of determination of probable cause and set the matter down for a hearing. The parties entered into a stipulation of settlement, but, thereafter, because of certain complaints about his teaching, plaintiff was told he would be assigned to work as an Assistant Dean. Because this position would prolong his work year, plaintiff agreed to it only on condition that the compensation be increased for his lost income in other areas.

When the increase was not forthcoming, plaintiff, on May 15, 1981, turned down the deanship and asked to be restored to his teaching position, which request was denied.

He was paid until the end of 1982 when, without notification or explanation, his salary payments ceased.

After notification, in October 1983, that the university intended to institute formal proceedings seeking plaintiff's dismissal as a tenured faculty member, there were conferences between the parties, to no effect. Subsequently, plaintiff requested a detailed presentation of charges, the second step in the disciplinary procedure, and, by letter of January 9, 1986, the university stated that, by his failure to perform any of his responsibilities, plaintiff was considered to have breached and nullified his contract.

Plaintiff then filed a new retaliation complaint with the Division and no probable cause was found. This Court affirmed, without opinion, the IAS Court's finding of a rational basis for that determination (126 AD2d 991).

The IAS Court has now dismissed plaintiff's breach of contract suit on the ground that the proper procedure is a CPLR article 78 proceeding in the nature of mandamus (*Matter of Gray v Canisius Coll.*, 76 AD2d 30) and that the applicable four month Statute of Limitations (CPLR 217) has long since expired.

Plaintiff now concedes that reinstatement to his tenured position cannot be had and seeks to sue only for failure to pay his

salary based on his lifetime tenure, contending that until he is dismissed by proper tenure procedures, he is entitled to his salary. We agree.

As limited on appeal, this is a contract claim not subject to the four month period of limitation of CPLR 217 and, accordingly, the third cause of action seeking payment of plaintiff's salary and other benefits until and unless he is dismissed in accordance with the substantive and procedural provisions of the university's Statutes is reinstated and the matter remanded for further proceedings. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Tom, JJ.