*456
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 This matter is before our Court on questions certified by the United States Court of Appeals for the Second Circuit stemming from consolidated appeals to that Court. The certification relates to only two of the multiple habeas corpus proceedings in the Federal courts which involve Immigration and Naturalization Services (INS) issues.
 

 The certified questions are as follows:
 

 “1. What contacts between an Immigration and Naturalization Service District Director, whose office is located outside the State of New York and whose district does not encompass the State of New York, and an alien residing in the State of New York, are sufficient to bring the District Director within the scope of the New York long-arm statute, N. Y. C.P.L.R. § 302 (a) (1) (McKinney 1990)?
 

 “2. On the specific facts of each of the two above mentioned cases
 
 [Yesil
 
 and Mojica], does personal jurisdiction over District Director Caplinger exist in New York pursuant to N. Y. C.P.L.R. § 302 (a) (1)?”
 

 We respectfully decline the certified questions, in the exercise of this Court’s discretion, pursuant to New York Constitution, article VI, § 3 (b) (9) and the Rules of the Court of Appeals (22 NYCRR 500.17).
 

 Several factors bring us to that conclusion. Without implying any view on the availability of CPLR 302 (a) (1) as the prof
 
 *457
 
 fered jurisdictional predicate with respect to the individuals and circumstances involved in this case, we note our uncertainty whether the certified questions can be determinative of the underlying matters. Alternative possibilities for obtaining jurisdiction, flowing from other potential Federal and State sources, seem far-reaching. Thus, the question posed in the certification — whether jurisdiction is established under the singularly identified prong of New York’s long-arm provisions — is not likely to be dispositive of the matter.
 

 Additionally, this exclusive Federal matter — Immigration and Naturalization — presents a fact pattern that would most likely not arise in any State court proceeding. Indeed, the Federal courts — the unique forums to handle litigation involving the INS — are in the best position to assess and rule with respect to that Agency’s agents and activities in New York for jurisdictional purposes. Thus, the tendered issues are better left for definitive resolution by the Federal courts themselves (see,
 
 Grabois v Jones,
 
 88 NY2d 254, 255).
 

 Lastly, we observe generally that a theoretical quality inheres in the form of the first certified question. That feature may move this valuable certification process beyond some reasonably appropriate specificity and categorization in order for the process to satisfy the “determinative question” prerequisite. Abstract or overly generalized questions might also curb this Court’s ability to promulgate a precedentially prudent and definitive answer to a law question like the narrower, follow-up certified question in this very matter, that is fact and case-specific.
 

 Accordingly, the certified questions should be respectfully declined.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in Per Curiam opinion.
 

 Acceptance of certification of questions by the United States Court of Appeals for the Second Circuit, pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), declined.