**Donovan LECKY, Petitioner,**

v.

**Janet RENO, United States Attorney General, et al., Respondents.**

No. 3:00CV1397 (JBA).

United States District Court, D. Connecticut.

Oct. 25, 2000.

**226**

Donovan Lecky, Oakdale, LA pro se.

James K. Filan, Jr. U.S. Attorney's Office, New Haven, CT, for Respondent.

## Memorandum of Decision

ARTERTON, District Judge.

On July 25, 2000, petitioner pro se Donovan Lecky applied for a writ of habeas corpus and an emergency stay of deportation in this Court, challenging a decision of the immigration judge declining to consider his application for a discretionary waiver under former § 212(c) because of provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Petitioner argues that the "impermissible retroactive application of AEDPA/IIRIRA to eliminate relief" violates a number of constitutional provisions and seeks an order enjoining the respondents from deporting him and remanding his case to the immigration judge for consideration of relief under former § 212(c). For the reasons outlined below, Mr. Lecky's petition for a stay of deportation is GRANTED, and respondents are enjoined from deporting him until further order of this Court.

### Background

The following facts are drawn from the Emergency Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. Petitioner is a citizen of Jamaica who was admitted into the United States as a lawful permanent resident on August 8, 1991. His wife and infant child are both United States citizens residing in Connecticut. On September 17, 1995, Lecky was arrested in and charged with criminal possession of a controlled substance in the third degree in New York. On September 29, 1995, petitioner was arrested and charged with the sale of an undisclosed controlled substance in Connecticut Superior Court. At the time of these arrests, he resided in Hartford, Connecticut. On February 26, 1996, petitioner was convicted of the Connecticut offense and sentenced to three years of imprisonment and two years probation. On April 10, 1997, petitioner was convicted in New York County of criminal possession of cocaine in the third degree and sentenced to five years probation. Finally, on March 17, 1999, petitioner was arrested in Connecticut on charges of first degree robbery and first degree assault and incarcerated at the Hartford Correctional Center. On

March 18, 1999, the INS began removal proceedings against petitioner by means of a Notice to Appear issued by the Connecticut District Director, based on his February 26, 1996 conviction. Mr. Lecky was released by the Connecticut authorities into the custody of the INS on June 29, 1999, and transferred to Oakdale, Louisiana for lack of space in Connecticut. While the removal proceedings against him for the February 26, 1996 conviction were terminated by Immigration Judge Charles A. Wiegand, on September 13, 1999 the INS recommenced removal proceedings against him based on his April 10, 1997 New York conviction. On September 27, 1999, Petitioner was deemed removable as an aggravated felon by Immigration Judge John A. Duck, J. The IJ declined to consider his case for discretionary waiver of deportation pursuant to § 212(c), due to changes in the immigration laws pursuant to AEDPA and the IIRIRA. Petitioner subsequently filed an appeal with the Board of Immigration Appeals ("BIA"), which was dismissed.

On July 25, 2000, petitioner filed his Emergency Petition in this Court, naming Janet Reno, Attorney General of the United States; Doris Meissner, Commissioner of the Immigration and Naturalization Service ("INS"); John Weiss, Connecticut District Director for the INS; Roy Schremp, the New Orleans District Director for the INS; and the INS as respondents. Prior to filing the instant habeas petition, petitioner on February 29, 2000 filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief in the Eastern District of New York. In that petition, he raised the same set of facts and claims as raised in this action. Resp.Ex. 2. Senior Judge Sifton found that venue was improper in New York and transferred that case to the United States District Court for the Western District of Louisiana. The respondents then sought to dismiss this action, or in the alternative transfer it to the Western District of Louisiana, under the prior pending action doctrine, for lack of personal jurisdiction over petitioner's day-to-day custodian and for improper venue. On October 18, 2000, respondents notified the Court that petitioner had withdrawn his habeas petition from the Western District of Louisiana.

### Discussion

■ The Court has subject matter jurisdiction over petitioner's claim pursuant to 28 U.S.C. § 2241. *See Henderson v. INS*, 157 F.3d 106, 119 (2d Cir.1998). The *Henderson* court left unanswered, however, the primary issue raised by respondents: who is the petitioner's custodian under 28 U.S.C. § 2243, requiring that a writ of habeas corpus "shall be directed to the person having custody of the person detained," and therefore the proper respondent in a habeas suit, which depends primarily on who has power over the petitioner and on the convenience of the parties and the court. *See Henderson*, 157 F.3d at 122. In general, courts have treated the individual with day-to-day control over the petitioner as the custodian for habeas purposes. *See id., citing Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir.1976). Because petitioner is presently confined at the Oakdale Federal Detention Center in Oakdale, Louisiana, pending execution of the final removal order, Respondents argue that only Roy E. Schremp, the Acting District Director of the INS in the Western District of Louisiana, has control over petitioner's case. Since Schremp is beyond the reach of Connecticut's long-arm statute, respondents' argument continues, this action should be dismissed, or in the alternative, transferred to the Western District of Louisiana.

The *Henderson* court, however, expressly left open the question of whether Attorney General Reno, named as a respondent in this case, could serve as a proper respondent in an immigration habeas case. The court cited a number of practical concerns, the "unique role that the Attorney General plays in immigration matters,"

and the fact that it was the Attorney General's actions in reversing *Soriano II* that led to the petitions in *Henderson* as reasons for recognizing her as an appropriate respondent in such cases. Because the question of whether the Attorney General was an appropriate respondent "evokes powerful arguments on each side—both at the doctrinal and at the practical level," the court determined that the question should be avoided "unless and until it is manifestly needed to decide a real case in controversy." *Id.*, 157 F.3d at 128.

District courts in this circuit have since concluded that Attorney General Reno is an appropriate respondent for habeas purposes in immigration cases. *See Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y.1997) ("The Attorney General may not frustrate the courts and negate the Great Writ by moving prisoners around the country"); *see also Pottinger v. Reno*, 51 F.Supp.2d 349 (E.D.N.Y.1999). Whether the Second Circuit will reach the same conclusion remains to be seen, but this Court may have the advantage of its further guidance in the near future, as *Pottinger* was argued at the Second Circuit on October 24, 2000. Given that this hotly disputed issue of law may be brought to resolution soon, and that petitioner's deportation would deprive this Court of continuing jurisdiction over his case pursuant to 8 U.S.C. § 1105a(c), prudence counsels in favor of staying Mr. Lecky's deportation until the Court of Appeals has issued its ruling on the subject.

■ As to the merits of Mr. Lecky's petition, two other cases that bear on the substantive issues raised were recently argued at the Second Circuit along with *Pottinger. Maria v. INS*, 99–2710 and *Domond v. INS*, 99–2619 both involve conduct pre-dating the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) but with convictions post-dating the effective dates of these changes to the immigration law. These cases present the identical legal contention advanced by petitioner in the instant case: whether AEDPA/IIRIRA's bar to discretionary relief can be applied to criminal conduct which occurred prior to the enactment of those laws. Accordingly, a ruling by the Second Circuit in *Maria* and/or *Domond* would directly govern the disposition this case. As cases currently pending and recently argued before the Second Circuit will control the disposition of Mr. Lecky's petition, it is the opinion of this Court that his deportation should be STAYED pending the ruling in *Pottinger, Maria* and/or *Domond.*

### Conclusion

Mr. Lecky's petitioner is therefore GRANTED in part, and respondents are enjoined from removing him from this country until further order of this Court.

IT IS SO ORDERED.