**Sheldon Andre BARTON, Petitioner,**

v.

**John ASHCROFT, et al., Defendants.**

**No. 3:01CV881 GLG.**

United States District Court,
D. Connecticut.

July 20, 2001.

Sheldon Andre Barton, Oakdale, LA, Pro se.

Deborah R. Douglas, U.S. Attorney's Office, New Haven, CT, for Defendants.

### ORDER

GOETTEL, District Judge.

Petitioner, who is presently in the custody of the Immigration and Naturaliza-

tion Service ("INS") at the Federal Detention Center in Oakdale, Louisiana, pending his removal to Jamaica, has filed a Petition for Writ of Habeas Corpus and Motion for Emergency Stay of Deportation. Petitioner's claims fall into three categories: those challenging the Immigration Judge's removal order and seeking relief under § 212(c) of the Immigration and Nationality Act ("INA"); his constitutional challenges to the denial of his claim of derivative citizenship through his father, a naturalized citizen of the United States; and his constitutional challenges to his mandatory detention without bail.[1] The Government has responded to the Petition and Motion for Stay, arguing lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.

### BACKGROUND

Petitioner, a native and citizen of Jamaica, entered the United States in 1992, as a Lawful Permanent Resident ("LPR") at the age of 13. He was born in Jamaica on July 29, 1978, to Pamella Williams, a Jamaican citizen, and to Kensworth George Barton, who were not married. In 1988, his father became a naturalized citizen of the United States. Petitioner states that his father was his "legal custodian" in 1988, and that Petitioner's admission into the United States in 1992 was based upon his father's petition to have his son join him in the United States. On November 24, 1998, the INS reviewed Petitioner's file to determine whether he derived United States citizenship from his father and it was determined "based on existing laws in the United States and Jamaica regarding derivation of citizenship" that Petitioner did not derive United States citizenship.[2] (Memo of Investigation dated 11/30/98, attached to Respondents' Response).

On April 30, 1996, Petitioner was convicted in the Superior Court, Norwalk, Connecticut, of larceny in violation of Conn. Gen.Stat. § 53a–124, and was sentenced to a term of imprisonment of one year. In 1999, he was convicted in the New Jersey Superior Court of unlawful use of a credit card, in violation of N.J. Stat. § 2C:21–6(c) and was sentenced to a term of imprisonment of 18 months. As a result of these convictions, on November 13, 2000, the INS in New Jersey instituted removal proceedings against him under INA § 237(a)(2)(A)(ii) and (iii), based upon his conviction of an aggravated felony and his conviction of two crimes involving moral turpitude. Petitioner was transferred to Oakdale, Louisiana. On April 30, 2001,

---

1. Petitioner, who is *pro se,* has asked that this Court grant the following relief:
   (1) order that he be returned to Connecticut, his state of residence, and that he be released upon posting a bond for $1,500;
   (2) declare unconstitutional the conduct of the Respondents because it violates his substantive and procedural due process rights under the Fifth Amendment;
   (3) vacate the order of deportation and remand the case to the BIA for consideration of relief under former INA § 212(c) and (h);
   (4) enjoin Respondents from deporting Petitioner until there has been a complete hearing on the merits of his actions and all appeals have been exhausted;
   (5) alternatively, if his citizenship claim is rejected, he asks for relief under INA

§ 212(c) because application of INA § 212(h) denies him, as a lawful permanent resident, equal protection of the laws;
   (6) and, any other relief this Court deems just and proper.

2. It is unclear from the papers now before us why this determination was made at that particular time or whether Petitioner had any right of appeal. According to the Complaint ¶ 16, this issue was raised by Petitioner before the Immigration Judge, who, he contends, erroneously determined that Petitioner was not eligible for this status. Obviously, if Petitioner was entitled to derivative citizenship, he would not be subject to removal.

after a hearing before an Immigration Judge, Petitioner was ordered removed to Jamaica from the United States. On May 18, 2001, Petitioner appealed that Order to the Board of Immigration Appeals ("BIA"). That appeal remains pending.

## DISCUSSION

### 1. The Appeal of the Immigration Judge's Removal Order

This Court lacks subject matter jurisdiction over Petitioner's appeal of the Immigration Judge's removal order because that order is not yet final. A removal order does not become final until the BIA affirms the order (or the time for filing an appeal has run). *See* 8 U.S.C. § 1101(47)(B). Moreover, a court may review a final order of removal only if the alien has exhausted all administrative remedies. *See* 8 U.S.C § 1252(d)(1); *Herrera–Mesa v. McElroy*, No. 98 CV 5376(DC), 2000 WL 109052 (S.D.N.Y. Jan. 28, 2000). Therefore, to the extent that this Habeas Corpus Petition challenges the Immigration Judge's removal order, that aspect of his petition is premature. Petitioner is not subject to removal until the BIA rules on his appeal. Therefore, the Court also DENIES Petitioner's Emergency Motion for Stay of Removal at this time.

### 2. Petitioner's Constitutional Challenges to His Detention

That determination, however, does not end our inquiry, for the Supreme Court in *Immigration and Naturalization Service v. St. Cyr*, —— U.S. ——, 121 S.Ct. 2271, 2282, 150 L.Ed.2d 347 (June 25, 2001), has held that habeas corpus relief is still available under 28 U.S.C. § 2241. In that regard, Petitioner has challenged his mandatory detention without bond as a denial of his substantive and procedural due process rights under the Fifth Amendment.[3] He has also challenged his denial of derivative citizenship through his father as a violation of the Equal Protection Clause and his substantive due process rights.[4] Thus, we reject the Government's argument that this Court lacks subject matter jurisdiction over this habeas corpus petition.

The Government next argues that this Court lacks personal jurisdiction because Petitioner has failed to name the proper custodian. Alternatively, they assert that venue should be transferred to the Western District of Louisiana.

A writ of habeas corpus is directed to the custodian of a detainee, and a writ may not issue where a court lacks personal jurisdiction over the custodian. "The writ, or order to show cause, shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Section 2243, however, does not specify who the proper custodian is. The Second Circuit has held that a determination of who is the proper custodian "depends primarily upon who has power over the petitioner and . . . on the convenience of the

---

3. Similar challenges have been filed in this Court by aliens subject to mandatory detention without the opportunity to post bond. *See, e.g., Cardoso v. Reno*, 127 F.Supp.2d 106 (D.Conn.2001); *Small v. Reno*, 127 F.Supp.2d 305 (D.Conn.2000); *Avramenkov v. INS*, 99 F.Supp.2d 210 (D.Conn.2000); *Rogowski v. Reno*, 94 F.Supp.2d 177 (D.Conn.1999); *Zgombic v. Farquharson*, 89 F.Supp.2d 220 (D.Conn.2000). Because the substantive merits of Petitioner's constitutional claims have

not been addressed by Respondents, the Court expresses no opinion at this time on the merits of this claim or whether these cases are controlling.

4. *See, e.g., Cartagena–Paulino v. Reno*, No. 00 Civ. 2371, 2001 WL 536934 (S.D.N.Y. May 18, 2001). Again, the Court expresses no opinion at this time on the substantive merits of this particular constitutional challenge.

parties and the court." *Henderson v. Immigration and Naturalization Service,* 157 F.3d 106, 122 (2d Cir.), *certified question declined by Yesil v. Reno,* 92 N.Y.2d 455, 705 N.E.2d 655, 682 N.Y.S.2d 663 (1998), *opinion after certified question declined,* 175 F.3d 287 (2d Cir.), *cert. denied sub nom., Reno v. Navas,* 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999). A court has personal jurisdiction so long as the custodian can be reached by service of process. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Service of process on the respondent to a habeas corpus petition in federal court may be made to the extent allowed by the forum state's long-arm statutes and within the constitutional limits of due process. *Henderson,* 157 F.3d at 123.

■ The Government argues in this case, as it has in many other similar cases, that the proper "custodian" is the official in charge of the facility who has day-to-day control over Petitioner, that being the warden of the Oakdale facility. Petitioner has not named the warden but has named John Ashcroft, the United States Attorney General; Kevin Rooney, Acting Commissioner of INS; John Weiss, the Connecticut INS District Director; Christine G. Davis, the Oakdale, Louisiana INS District Director; as well as the INS and the Department of Justice.

The Second Circuit has wrestled with the "highly complex" issue raised by the Government, but has not yet provided a definitive answer. *See Henderson,* 157 F.3d 106 (certifying to the New York Court of Appeals the question of whether the Louisiana District Director had sufficient contacts with New York to satisfy New York's long-arm statute). After the New York Court of Appeals declined to reach the merits of the question certified, *Yesil v. Reno,* 92 N.Y.2d 455, 705 N.E.2d 655, 682 N.Y.S.2d 663 (1998), and the Supreme Court denied the Government's petition for certiorari, *Reno v. Navas,* 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999), the Second Circuit requested additional briefs from the parties on the point of personal jurisdiction. Prior to submitting briefs, the parties settled and the Second Circuit granted their joint motion to withdraw the appeal, leaving unresolved the personal jurisdiction issue. *Yesil v. Reno,* 175 F.3d 287 (2d Cir.1999).

Thus, we are faced with the same dilemma that has confronted numerous other district courts in this Circuit since *Henderson.* Who is the proper "custodian" in a habeas corpus case filed by an INS detainee pending his deportation, and does this Court have personal jurisdiction over that person? The majority of district courts in this Circuit have found that the Attorney General is a custodian and a proper respondent in circumstances similar to those presented here. *See Halley v. Reno,* No. 99CV4710, 2001 WL 184571, at *1 (E.D.N.Y. Feb. 21, 2001) (holding that the Attorney General is a proper respondent); *Mojica v. Reno,* 970 F.Supp. 130, 166 (E.D.N.Y.1997) (holding that the Attorney General is a "custodian"), *appeal dismissed sub nom. Yesil v. Reno,* 175 F.3d at 288–89; *Nwankwo v. Reno,* 828 F.Supp. 171, 174 (E.D.N.Y.1993) (same); *Pena–Rosario v. Reno,* 83 F.Supp.2d 349, 361 (E.D.N.Y.2000) (same); *Alcaide–Zelaya v. McElroy,* No. 99 Civ. 5102, 2000 WL 1616981 (S.D.N.Y. Oct. 27, 2000) (same); *Pottinger v. Reno,* 51 F.Supp.2d 349, 356–57 (E.D.N.Y.1999) (following *Mojica* and finding personal jurisdiction over the Attorney General and the New Orleans District Director); *Lecky v. Reno,* 120 F.Supp.2d 225, 228 (D.Conn.2000) (holding that the Attorney General is an appropriate respondent for habeas purposes in immigration cases); *see also Henderson,* 157

F.3d at 126 (discussing the "extraordinary and pervasive role" the Attorney General plays in immigration matters, but not deciding the ultimate issue of whether he is a proper respondent) [5]; *but see Santos–Gonzalez v. Reno*, 93 F.Supp.2d 286, 291 (E.D.N.Y.2000) (not reaching the issue of whether the Attorney General was a proper respondent, but finding that the district director of Buffalo, NY, was a proper respondent over whom the court had personal jurisdiction); *Perez v. Reno*, No. 97 Civ. 6712, 2000 WL 686369 (S.D.N.Y. May 25, 2000) (declining to decide the "difficult issue" of whether the Attorney General is a proper respondent but finding personal jurisdiction over the New Orleans District Director under the transacting business prong of New York's long-arm statute based upon petitioner's seizure from his home in New York, which action was attributable to the New Orleans Director); *Arias–Agramonte v. Commissioner of INS*, No. 00Civ.2412, 2000 WL 1059678, at *5 (S.D.N.Y. Aug. 1, 2000) (holding that the Commissioner of INS is the proper respondent and rejecting the Government's argument that only the District Director of Philadelphia, where the petitioner was detained, was the proper respondent). Absent further guidance from the Supreme Court or the Second Circuit, we will follow the majority of districts in this Circuit and hold that the Attorney General is a proper Respondent, over whom the Court has personal jurisdiction. *See Lecky*, 120 F.Supp.2d at 227. Accordingly, we decline to dismiss the Petition for lack of personal jurisdiction.

We turn next to the Government's improper venue claim. The habeas statute has no venue provision applicable to the facts of this case. *See* 28 U.S.C. § 2241. The Supreme Court has held that traditional venue considerations should apply, including (1) where the material events occurred; (2) where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for respondent and petitioner; and (4) the familiarity of the court with the applicable laws. *Braden*, 410 U.S. at 493–94, 93 S.Ct. 1123.

In this case, Petitioner is a resident of Bridgeport, Connecticut. It is unclear whether his father through whom he seeks naturalization is also a Connecticut resident, although it appears that the determination regarding Petitioner's entitlement to derivative citizenship was made in Connecticut. Presumably the records relating to that claim would be in Connecticut. One of his arrests occurred in Connecticut, the other in New Jersey. It was the New Jersey District Director who instituted removal proceedings against him. Presently, he is detained in Louisiana and his removal hearing took place in Louisiana. Otherwise, the Petitioner has no connections to Louisiana. Records relating to the removal proceedings are in Louisiana. The "convenience" issue focuses on the Respondents, for they would be responsible for transporting Petitioner from Louisiana to Connecticut for purposes of trial. However, INS has a presence in

5. The *Henderson* Court stated that there is no question that the Attorney General has the power to produce the petitioners, and remains the ultimate decisionmaker as to makers concerning the INS. 157 F.3d at 126. He is completely in charge of the proceedings leading up to the order directing the removal of aliens from the country and has complete discretion to decide whether removal should be directed. *Id.* The Court noted, on the other hand, that in prisoner cases, although the Attorney General is designated as the custodian of all federal prisoners, he is not considered the proper respondent in all prisoner habeas cases. *Id.* The Court also noted that it is the district director who exercises primary custody over the detainees in immigration cases. *Id.*

both districts and has certainly been well represented in this district. Additionally, this Court is familiar with the applicable laws and has at least an initial familiarity with this case, although admittedly the Western District of Louisiana, which has been deluged with habeas corpus cases brought by INS detainees,[6] may have more experience in the area. However, were the mere fact that the Petitioner is detained in Louisiana the sole determinative factor for venue in these cases, virtually every case arising out of the Oakdale Detention facility would end up in the Western District of Louisiana. *Braden* instructs that Petitioner's presence in this State is not required for purposes of determining the proper venue. When we weigh the traditional venue considerations, particularly given the Petitioner's connections to the State of Connecticut and the lack of prejudice to the Respondents in litigating in this forum, the Court finds that venue is proper in the District of Connecticut.

### CONCLUSION

For the foregoing reasons, Petitioner's Request for an Emergency Stay of Deportation is DENIED [doc. # 3]. Respondents' motion to dismiss the Petition for Habeas Corpus Relief on all other grounds is also DENIED. The Respondents are ordered to file a brief addressing the merits of Petitioner's constitutional claims within 30 days of the date of this Order.

SO ORDERED.

---

6.   *See Henderson,* 157 F.3d at 127 (discussing the overloading of the court's docket in the Western District of Louisiana due to the high concentration of persons detained at the Oakdale facility).