# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 12-0737

_____

FILED

**January 17, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. ADVANCE
STORES COMPANY, INC., dba ADVANCE AUTO
PARTS, AND DONN FREE,
Defendants Below, Petitioners

V.

HONORABLE ARTHUR M. RECHT,
SENIOR STATUS JUDGE OF THE CIRCUIT COURT OF OHIO COUNTY, AND
SCOTT MCMAHON AND KAREN JOHN, INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
Plaintiffs Below, Respondents

_____

Petition for Writ of Prohibition

WRIT GRANTED

_____

Submitted: January 9, 2013
Filed: January 17, 2013

Ancil G. Ramey                          Anthony I. Werner
Karen E. Kahle                          Bachmann Hess Bachmann & Garden
Hannah B. Curry                         Wheeling, West Virginia
Steptoe & Johnson                       Joseph J. John
Huntington, West Virginia               John Law Offices
Attorneys for Petitioners               Wheeling, West Virginia
                                        Attorneys for Respondents

JUSTICE DAVIS delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "When this Court remands a case to the circuit court, the remand can be either general or limited in scope. Limited remands explicitly outline the issues to be addressed by the circuit court and create a narrow framework within which the circuit court must operate. General remands, in contrast, give circuit courts authority to address all matters as long as remaining consistent with the remand." Syllabus point 2, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003).

2. When the Supreme Court of Appeals of West Virginia remands a case to a circuit court after answering a certified question, the remand ordinarily is limited.

**Davis, Justice:**

This case was brought under this Court's original jurisdiction by Advance Stores Company and its employee Donn Free, petitioners herein and defendants below (collectively "Advance Stores"). Advance Stores seeks a writ of prohibition to prevent enforcement of an order of the Circuit Court of Ohio County that denied, in part, Advance Stores' motion to dismiss a third amended complaint filed by Scott McMahon and Karen John, respondents herein and plaintiffs below (collectively "plaintiffs").[1] Advance Stores contends that in denying, in part, their motion to dismiss, the circuit court is permitting the case to be litigated in a manner that exceeds this Court's mandate in *McMahon v. Advance Stores Co.*, 227 W. Va. 21, 705 S.E.2d 131 (2010) (hereinafter "*McMahon I*").[2] After a careful review of the briefs, the limited record, and listening to the arguments of the parties, we grant the writ of prohibition.

---

[1]The portion of the circuit court's order that granted partial relief to Advance Stores is not before this Court.

[2]*McMahon I* was a 3-2 decision with Justices Workman and Ketchum dissenting.

1

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

In March 2004, Scott McMahon purchased a car battery from Advance Stores.[3] Mr. McMahon subsequently sold the automobile and battery to Karen John. Shortly after Ms. John purchased the automobile, the battery died. Advance Stores was asked to replace the battery under a limited express warranty. Advance Stores refused to provide a free replacement of the battery on the grounds that Ms. John was not the original purchaser, and the limited warranty expired when Mr. McMahon sold the vehicle with the battery. The plaintiffs eventually filed an action against Advance Stores.[4] Subsequent to a period of discovery, the circuit court granted partial summary judgment in favor of the plaintiffs on the issue of enforcement of the warranty. However, rather than allow the case to proceed to trial, the circuit court certified a question to this Court. The certified question asked this Court to determine whether W. Va. Code § 46A-6-108(a) of the West Virginia Consumer Credit and Protection Act "appl[ies] to suits for breach of limited warranty by subsequent purchasers where the limited warranty involved limits its availability to original purchasers?" *McMahon I*, 227 W. Va. at 22, 705 S.E.2d at 132. We answered the certified question in the negative and held the following:

---

[3]Only a brief summary of the facts is provided here. For detailed facts, *see McMahon I*, 227 W. Va. 21, 705 S.E.2d 131.

[4]The original complaint previously was amended twice. The first amendment added a cause of action for unjust enrichment. The second amendment added Ms. John as a plaintiff.

W. Va. Code § 46A-6-108(a) does not apply to suits for breach of a limited warranty by subsequent purchasers where the limited express warranty involved specifically limits its availability to original purchasers.

Syl. pt. 2, *McMahon I*, 227 W. Va. 21, 705 S.E.2d 131.

After answering the certified question, this Court "remand[ed] this matter to the Circuit Court of Ohio County for further proceedings consistent with th[e] opinion." *McMahon I*, 227 W. Va. at 27, 705 S.E.2d at 137. While the case was pending on remand, the trial court allowed the plaintiffs to amend the complaint to add an additional cause of action for a violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301 *et seq*. In addition, the plaintiffs premised their cause of action on the actual receipt that was given for the purchase of the battery, *i.e*., alleging the receipt was a purported express warranty.[5] Advance Stores moved to dismiss the third amended complaint on various grounds, including the contention that the amendments exceeded the scope of the mandate issued in *McMahon 1*. The trial court denied the motion to dismiss in part,[6] and allowed the third amended complaint to go forward on the new theories. Advance Stores thereafter filed the instant petition for a writ of prohibition.

[5]The limited express warranty that was addressed in *McMahon I* was on Advance Stores' website and was referenced by means of the purchase receipt.

[6]The circuit court granted the motion to dismiss with respect to Mr. McMahon's implied warranty and Magnuson-Moss claims.

## STANDARD OF REVIEW

Advance Stores asserts that the circuit court ignored the mandate of this Court in *McMahon I*. We have held that "[a] circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*." Syl. pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003) (hereinafter "*Frazier and Oxley II*"). It also was held in syllabus point 5 of *Frazier & Oxley II* that "[w]hen a circuit court fails or refuses to obey or give effect to the mandate of this Court, misconstrues it, or acts beyond its province in carrying it out, the writ of prohibition is an appropriate means of enforcing compliance with the mandate." *Id.* In Syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996), we explained that,

> [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for

determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With these standards in view, we turn to the issues presented by this case.

## III.

## DISCUSSION

The issues presented by Advance Stores may be divided into two parts. First, Advance Stores contends that the mandate in *McMahon I* did not allow the plaintiffs to amend their complaint on remand. Second, Advance Stores has attacked the merits of the amendment and its application to various legal theories. We need only address the first issue, *i.e.*, whether the circuit court exceeded the scope of the mandate in *McMahon I* by allowing the complaint to be amended. Because we determine that the circuit court did, in fact, exceed the scope of the remand, we need not discuss the second issue.

This Court extensively discussed the scope of a mandate in the seminal case of *Frazier & Oxley II,* which was before this Court on a writ of prohibition for the second time. In the first proceeding, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 212 W. Va. 275, 569 S.E.2d 796 (2002) (hereinafter "*Frazier & Oxley I*"), the circuit court entered a partial summary judgment order that required the defendants to vacate an office that was being subleased from the plaintiffs. This Court prevented enforcement of the partial

5

summary judgment order in *Frazier & Oxley I* and remanded the case to the circuit court to conduct proceedings for a factual determination of whether a surrender of the lease occurred. After the case was remanded, one of the plaintiffs was allowed to amend the complaint to assert a different theory for voiding the lease.[7] The defendants filed a petition for a writ of prohibition seeking to prevent enforcement of the circuit court's order allowing the plaintiff to amend the complaint. The defendants argued in *Frazier & Oxley II* that the circuit court's decision to allow the plaintiff to amend the complaint exceeded the mandate of this Court in *Frazier & Oxley I*.

We agreed with the defendants in *Frazier & Oxley II* that the mandate in *Frazier & Oxley I* did not allow the plaintiff to amend the complaint to assert a *new theory* for voiding the lease. The opinion in *Frazier & Oxley II* noted that, even though no language appeared in *Frazier & Oxley I* that expressly limited what could occur on remand, the remand was limited.[8] In Syllabus points 2 and 3 of *Frazier & Oxley II* we set out the following remand guidelines:

> 2. When this Court remands a case to the circuit court, the remand can be either general or limited in scope. Limited

---

[7]The plaintiff also was allowed to add a cause of action against the other plaintiff.

[8]The decision in *Frazier & Oxley II* recognized that "any remand issued by this Court in a prohibition action will ordinarily be a general remand." *Frazier & Oxley II*, 214 W. Va. at 809 n.9, 591 S.E.2d at 735 n.9. Even so, we found that the issues resolved in *Frazier & Oxley I* necessitated the remand be limited and not general.

6

remands explicitly outline the issues to be addressed by the circuit court and create a narrow framework within which the circuit court must operate. General remands, in contrast, give circuit courts authority to address all matters as long as remaining consistent with the remand.

3. Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.[9]

(Footnote added).

Applying the principles set out in *Frazier & Oxley II*, it is clear that our remand in *McMahon I* was a limited remand. This is true for several reasons, but primarily because of the nature of the proceeding in *McMahon I*.

As previously noted, the decision in *McMahon I* was a certified question. Our cases have implicitly recognized, and we so hold, that when the Supreme Court of Appeals of West Virginia remands a case to a circuit court after answering a certified question, the remand ordinarily is limited. This is so because, as "[w]e have repeatedly said[,] a certified

---

[9]Equally important to the decision in *Frazier & Oxley II* was a recognition by this Court that there are a limited number of exceptions to the mandate rule. The exceptions cited in the case included newly discovered evidence, a dramatic change in controlling legal authority, or a showing that an obvious error in the prior decision would result in a manifest injustice if left uncorrected. *Frazier & Oxley II*, 214 W.Va. at 812 n.14, 591 S.E.2d at 738 n.14.

question will not be considered by this court unless the disposition of the case depends wholly or principally upon the construction of law determined by the answer, regardless of whether the answer is in the negative or affirmative." *Bass v. Coltelli*, 192 W.Va. 516, 521, 453 S.E.2d 350, 355 (1994), *superseded by statute on other grounds as recognized by Smith v. Consol. Pub. Ret. Bd.*, 222 W. Va. 345, 664 S.E.2d 686 (2008). As we observed in *Hairston v. General Pipeline Construction, Inc*., 226 W. Va. 663, 672 n.5, 704 S.E.2d 663, 672 n.5 (2010), "[o]nly those questions should be certified up before judgment which bring with them a framework sufficient to allow this Court to issue a decision which will be pertinent and inevitable in the disposition of the case below." (Internal quotations and citations omitted). *See Morningstar v. Black & Decker Mfg. Co.*, 162 W. Va. 857, 861, 253 S.E.2d 666, 669 (1979) ("[C]ertification is limited to those questions which may be determinative of the cause then pending in the certifying court[.]" (internal quotations and citations omitted)). In the final analysis, this Court will not address a certified question if it is not dispositive of a controlling issue in a case. *See* Franklin D. Cleckley, Robin J. Davis and Louis Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 3.4, p. 68 (4th ed. 2012) ("The Supreme Court will decline to consider certified questions that are not necessary to the decision of a case.").

The decision in *Abrams v. West Virginia Racing Commission*, 164 W. Va. 315, 263 S.E.2d 103 (1980), illustrates this point. In *Abrams,* the United States District Court for

8

the Southern District of West Virginia asked this Court to answer the certified question of whether a specific state statute and rule violated the Due Process or Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution or the Due Process Clause of the West Virginia Constitution. We declined to answer the certified question because our answer would not have been dispositive of the controlling issue in the case. That is, the federal court was not bound to follow our interpretation of the federal constitutional component of the certified question. We addressed the matter in *Abrams* as follows:

> There can be little doubt that where a case is filed in federal court asserting a violation of the United States Constitution, that court has jurisdiction to decide the case unless the claim is entirely frivolous. . . .
>
> Nor can there be doubt that an interpretation of the United States Constitution by a federal court will override that of a state court. A resolution by a state court of a federal constitutional claim is not binding on the federal courts. Thus, it is clear that any holding of this Court pertaining to the Fourteenth Amendment claim would be advisory at best.
>
> This Court could choose to make a binding pronouncement on the scope of the Due Process Clause of the West Virginia Constitution. However, . . . any such decision by this Court on this State constitutional issue would not foreclose the federal court from deciding upon a different federal standard and ignoring our State constitutional standard.
>
> While the doctrine of pendent jurisdiction permits a federal court to decide ancillary nonfederal grounds in a case based on independent federal jurisdictional grounds, we are not aware of any decision which requires the federal court to decide the nonfederal issue, particularly where the federal issue is dispositive of the case.

9

*Abrams*, 164 W. Va. at 318-19, 263 S.E.2d at 106 (citations omitted). *See also Palmore v. First Unum*, 841 So. 2d 233, 235 (Ala. 2002) ("In order for this Court to consider a certified question from a federal court, the question must be, among other things, determinative of [the underlying] cause."); *Keller v. City of Fremont*, 790 N.W.2d 711, 712 (Neb. 2010) ("In interpreting the certified request and deciding whether to accept it, . . . requires us to consider whether the certified question may be determinative of the pending federal cause. The 'determinative' requirement is also consistent with state courts' holdings declining to answer certified questions asking for advisory opinions.")*; Jefferson v. Moran*, 479 A.2d 734, 738 (R.I. 1984) ("[O]ur response to the Federal District Court's inquiry would not resolve the controversy between the parties – since further state-court involvement would be necessary – we must decline its [certified question] request.").

The decision in *Abrams* makes clear that this Court will not answer a certified question if, in doing so, we would have to render a non-controlling, advisory answer. *See In re Vasquez*, 266 P.3d 1053, 1057 (Ariz. 2011) ("We answer only questions which may be determinative of the cause then pending in the certifying court. . . . [T]he answer to the second question is not determinative of this case and we decline to answer it."); *CSX Transp., Inc. v. City of Garden City*, 619 S.E.2d 597, 599 n.5 (Ga. 2005) ("This Court will not issue an advisory opinion. This Court will likewise decline to respond to certified questions which are anticipatory in nature."); *Darney v. Dragon Prods. Co.*, 994 A.2d 804, 807-08 (Me. 2010)

10

("[W]e decline to answer the certified questions. In the absence of established facts, we would be issuing an advisory opinion that might not fully dispose of the Darneys' trespass claim."); *United States v. Searle*, 584 A.2d 1263, 1265 (Md. 1991) ("[T]his Court may answer questions certified to it if the questions may be determinative of the cause then pending in the certifying court."); *Yesil v. Reno*, 682 N.Y.S.2d 663, 664 (N.Y. 1998) ("We respectfully decline the certified questions. . . . [W]e note our uncertainty whether the certified questions can be determinative of the underlying matters."). Thus, when we remand a case after answering a certified question, that answer is dispositive of the direction the case must take. In other words, neither the parties nor the trial court may litigate a case beyond the narrow boundaries of our response to a certified question. Because the unique facts of each certified question will dictate the limitations of the remand, there can be no question that the remand is limited and not general.

Because *McMahon I* presented as a certified question, the remand was limited. We must now determine whether the trial court exceeded the limitations of the mandate.

As mentioned previously, the trial court in *McMahon I* granted the plaintiffs partial summary judgment. The trial court did so after concluding that "Advance shall be required to abide by its warranty notwithstanding the person attempting to assert the warranty may not have been the original purchaser." *McMahon I*, 227 W. Va. at ___, 705 S.E.2d at

11

134. In challenging the correctness of this dispositive ruling, Advance Stores asked the trial court to submit the issue to this Court as a certified question. The certified question asked this Court to decide whether the Consumer Credit and Protection Act applied "to suits for breach of limited warranty by subsequent purchasers where the limited warranty involved limits its availability to original purchasers?" *McMahon I*, 227 W. Va. at 22, 705 S.E.2d at 132.

In resolving the certified question in *McMahon 1,* this Court determined two dispositive issues. First, it was decided that "[t]he limited express warranty . . . clearly and unambiguously limited the availability of the remedy to the original purchaser who held the original transactional receipt." *McMahon I*, 227 W. Va. at 27, 705 S.E.2d at 137. Therefore, Ms. John could not assert a cause of action under the warranty. Second, this Court concluded that "[a]t the moment the original purchaser sold the battery, Advance's limited warranty, by its express terms, ceased to exist." *McMahon I*, 227 W. Va. at 27, 705 S.E.2d at 137. Thus, Mr. McMahon could not assert a cause of action under the warranty.

Equally important to the resolution of the certified question was this Court's determination as to the location of the actual warranty. We noted in *McMahon I* that "[a]t the bottom of the [purchase] receipt was a statement directing the purchaser to Advance's website where the limited express warranty information was available. This limited warranty

information was also available to the purchaser at the store." *McMahon I*, 227 W. Va. at 22, 705 S.E.2d at 132.

In sum, in answering the certified question in *McMahon I,* we conclusively determined that the plaintiffs could not assert a cause of action against Advance Stores under the limited express warranty. Thus, on remand, the plaintiffs were limited to litigating the implied warranty theory as it was set out in the second amended complaint. However, the circuit court erroneously concluded that our remand was a general remand[10] and allowed the plaintiffs to amend the complaint a third time to assert a cause of action under the Magnuson-Moss Warranty Act that was based upon the purchase receipt as an express warranty.

The plaintiffs argue that they always have contended that the purchase receipt was the actual express warranty. The truth of this assertion is of no consequence because the Magnuson-Moss Warranty Act allegations in the third amended complaint were not set out in the complaint that was considered in *McMahon I*.[11] The plaintiffs are unable to support

---

[10]The plaintiffs have made several arguments that the remand in *McMahon I* was a general remand. We summarily reject those arguments for the reasons stated in the body of this opinion.

[11]In fact, the dissenting opinion of Justice Ketchum in *McMahon I* pointed out that "[o]ne issue that was not raised before the circuit court . . . is the effect of the Magnuson-Moss Warranty Act[.]" *McMahon I*, 227 W. Va. at 35, 705 S.E.2d at 145. Justice

(continued...)

13

their argument that nothing substantively new was injected in this case on remand. The third amended complaint has no substantive relevancy without the insertion of the new claim under the Magnuson-Moss Warranty Act.

To be clear, insofar as *McMahon I* came to this Court as a certified question, it was incumbent upon the plaintiffs to raise the issue of the application of the Magnuson-Moss Warranty Act in *McMahon I*. Clearly, this would have been an alternative dispositive issue, and,[12] as such, it should have been brought in the form of a second certified question in *McMahon I*. In failing to present a claim under the Magnuson-Moss Warranty Act in *McMahon I*, the plaintiffs were precluded from amending their complaint to assert the claim under the limited remand. Permitting this case to proceed under the third amended complaint would, in effect, make *McMahon I* an advisory opinion at best.

---

[11](...continued)
Ketchum's dissent outlined a theory of liability based upon the Magnuson-Moss Warranty Act and the failure of the receipt to comply with that Act. It was only after Justice Ketchum's dissent was filed that the plaintiffs amended the complaint a third time to set out a cause of action based upon the Magnuson-Moss Warranty Act.

[12]We wish to make clear that we are not indicating that the plaintiffs would have obtained a favorable ruling on a Magnuson-Moss Warranty Act claim in *McMahon I*. We merely point out that such a claim would have been an alternative controlling issue.

14

## IV.

## CONCLUSION

In view of the foregoing, we grant the requested writ of prohibition. That part of the circuit court's April 5, 2012, Memorandum of Opinion and Order that denied Advance Stores' motion to dismiss the third amended complaint, in part, is prohibited from enforcement and is vacated. On remand, the circuit court is directed to enter an order granting in full Advance Stores' motion to dismiss the third amended complaint.

Writ Granted.