# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

### January 2014 Term

_____

No. 13-0562

_____

**FILED**

**January 29, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### STATE OF WEST VIRGINIA EX REL.
### SKYLINE CORPORATION AND
### AAA MOBILE HOMES, INC. OF NEW MARTINSVILLE,
Petitioners

### V.

### HONORABLE TIMOTHY L. SWEENEY,
### JUDGE OF THE CIRCUIT COURT OF
### PLEASANTS COUNTY; AND
### THOMAS R. LIKENS AND LORI LIKENS,
Respondents

_____

### PETITION FOR WRIT OF PROHIBITION
Pleasants County Civil Action No. 12-C-28

### WRIT GRANTED

_____

Submitted: January 14, 2014
Filed: January 29, 2014

John R. Teare, Jr.
Spilman Thomas & Battle, PLLC
Charleston, West Virginia
Attorney for the Petitioner,
Skyline Corporation

The Honorable Timothy L. Sweeney
Judge of the Circuit Court of
Pleasants County
Saint Marys, West Virginia
Respondent

Keith C. Gamble
Jonathan J. Jacks
Pullin, Fowler, Flanagan, Brown &
Poe, PLLC
Morgantown, West Virginia
Attorneys for the Petitioner,
AAA Mobile Homes, Inc. of New Martinsville

M. Paul Marteney
Saint Marys, West Virginia
Attorney for the Respondents,
Thomas R. Likens and Lori Likens

**CHIEF JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.     "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ had no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2.     "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

3. The plain language of W. Va. Code § 21-9-11a(b) (2011) (Repl. Vol. 2013) requires a purchaser or owner of a manufactured home who wishes to assert a claim "seeking monetary recovery or damages" pertaining to the "manufacture, acquisition, sale or installation of the manufactured home" to first file an administrative complaint seeking such relief with the West Virginia Manufactured Housing Construction and Safety Board. Once a period of ninety days has passed following the aggrieved party's filing of his/her administrative complaint with the Board, the purchaser or owner may then pursue his/her claims in a civil action.

4. Pursuant to the plain language of W. Va. Code § 21-9-11a(b) (2011) (Repl. Vol. 2013), a purchaser or owner of a manufactured home who seeks equitable relief "to prevent or address an immediate risk of personal injury or property damage" is excused from the administrative filing requirement and may first file his/her cause of action seeking such relief in circuit court.

**Davis, Chief Justice:**

The petitioners herein, Skyline Corporation (hereinafter "Skyline") and AAA Mobile Homes, Inc. of New Martinsville (hereinafter "AAA Homes"),[1] request this Court to issue a writ of prohibition to prevent the Circuit Court of Pleasants County from enforcing its April 25, 2013, order. By that order, the circuit court denied the petitioners' motion to dismiss the complaint filed against them by the respondents herein, Thomas R. Likens and Lori Likens (hereinafter "Mr. and Mrs. Likens" or "the Likenses"), ruling that W. Va. Code § 21-9-11a (2011) (Repl. Vol. 2013) does not require the filing of an administrative complaint with the West Virginia Manufactured Housing Construction and Safety Board (hereinafter "the Board") as a prerequisite to the filing of a civil complaint in circuit court. The circuit court also found the allegations of the Likenses' complaint to be sufficient to place the petitioners on notice as to the nature of the Likenses' claims against them. Before this Court, the petitioners challenge both of the circuit court's rulings and request this Court to issue a writ of prohibition to prevent the enforcement of the circuit court's order. Upon a review of the parties' briefs, the appendix record, and the pertinent authorities, we grant the requested writ of prohibition. In summary, we conclude that W. Va. Code § 21-9-11a(b) requires an aggrieved party to file an administrative complaint with the West Virginia

---

[1]Skyline and AAA Homes also will be referred to collectively as "the petitioners."

1

Manufactured Housing Construction and Safety Board before he/she may file a civil lawsuit for monetary damages in the courts of this State.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant original jurisdiction proceeding are not disputed by the parties. In April 2010, Mr. and Mrs. Likens purchased a manufactured home from AAA Homes that was manufactured by Skyline. On September 4, 2012, the Likenses filed a complaint against AAA Homes and Skyline in the Circuit Court of Pleasants County alleging that Skyline had negligently designed and built their home; the home was not suitable for its intended purpose and that it was defective when it was delivered; AAA Homes had negligently delivered, set up, and completed the home and, in doing so, AAA Homes had caused damage and accelerated deterioration to the home and to the Likenses' property. In their complaint, Mr. and Mrs. Likens also claimed breach of express and implied warranties, negligent design, negligent construction, breach of contract, destruction of property,[2] and unjust enrichment. Mr. and Mrs. Likens did not file an administrative complaint with the Board prior to filing their civil action in circuit court and conceded this fact during the underlying proceedings.

---

[2]With respect to the destruction of property claim, the Likenses alleged that AAA Homes "intentionally or negligently destroyed existing landscaping and heirloom plants" while grading the home site and preparing the foundation.

2

In response to the Likenses' complaint, Skyline and AAA Homes filed a motion to dismiss arguing that their lawsuit was improperly filed in circuit court instead of as an administrative complaint as contemplated by W. Va. Code § 21-9-11a and that the complaint failed to state a cause of action upon which relief could be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Following a hearing on the matter, the circuit court, by order entered April 25, 2013, ruled that Mr. and Mrs. Likens could proceed with their lawsuit in circuit court despite the fact that they had not first filed an administrative complaint in accordance with W. Va. Code § 21-9-11a:

> The administrative remedies set forth in WV [Code] §21-9-11a are not mandatory. Specifically, sub-section (a) thereof provides in pertinent part that "When a purchaser or owner of a manufactured home files a complaint with the board..." Additionally, sub-section (c) provides for "...notification to every purchaser of a manufactured home of the availability of administrative assistance..." Therefore, pursuit of the administrative remedies provided for are merely optional at the election of the manufactured home owner and not mandatory. While sub-section (b) does provide for the exclusive jurisdiction of the board "...after the consumer or owner has filed a written complaint..." no such provision exists absent the election of an owner to pursue such administrative remedy.

(Emphasis in original). The court further concluded that the Likenses' complaint was sufficient to survive the petitioners' Rule 12(b)(6) motion to dismiss:

> While the Complaint in the above-styled matter may require clarification as to the specifics of plaintiffs' claims, including dates of discovery for purposes of potential limitation of actions defenses, the same does allege cognizable claims under legal causes of action for which relief may be granted. Such clarifications are the proper subject of a Motion for More

3

Definite Statement or ascertainable through discovery as provided by law for the purpose of addressing the defendants' reasonable concerns regarding these matters.

From these adverse rulings, the petitioners have filed the instant proceeding requesting a writ of prohibition to prevent the enforcement of the circuit court's order

## II.

### STANDARD FOR ISSUANCE OF WRIT

In their petition to this Court, the petitioners have phrased their request for relief in the alternative as a "Petition for Writ of Mandamus and/or Prohibition." When the request for extraordinary relief concerns a circuit court's denial of a motion to dismiss, we consider the matter as a petition for a writ of prohibition. *See, e.g.*, *State ex rel. AMFM, LLC v. King*, 230 W. Va. 471, 740 S.E.2d 66 (2013); *State ex rel. Advance Stores Co., Inc. v. Recht*, 230 W. Va. 464, 740 S.E.2d 59 (2013); *State ex rel. Nelson v. Frye*, 221 W. Va. 391, 655 S.E.2d 137 (2007). With respect to a request for prohibitory relief, we are mindful that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53-1-1." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). We further employ the following criteria to determine whether a writ of prohibition should issue in a particular case:

4

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ had no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

To decide whether the petitioners are entitled to prohibitory relief in the case *sub judice*, we also must consider whether the circuit court correctly interpreted the statute governing the issues in this case, W. Va. Code § 21-9-11a, and whether the circuit court properly denied the petitioners' motion to dismiss the Likenses' complaint. We previously have held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995). Similarly, "review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, in

5

part, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

Guided by these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

Before this Court, the petitioners raise two issues in support of their request for the issuance of a writ of prohibition. First, the petitioners contend that the circuit court erred by denying their motion to dismiss the Likenses' complaint. In support of this argument, the petitioners construe W. Va. Code § 21-9-11a to require the filing of an administrative complaint with the Board before a civil complaint may be filed in circuit court. Therefore, the petitioners argue that the circuit court incorrectly interpreted and applied this statute. Second, the petitioners contend that even if Mr. and Mrs. Likens properly filed their complaint in circuit court, the complaint was too vague to sufficiently apprise them of the nature of the claims asserted against them. Both Judge Sweeney and the Likenses respond that the circuit court's order correctly interpreted W. Va. Code § 21-9-11a and properly denied the petitioners' motion to dismiss the complaint.

The first issue presented by this original jurisdiction proceeding involves a matter of statutory construction. At issue in this case is the language of W. Va. Code § 21-9-11a (2011) (Repl. Vol. 2013), which provides, in relevant part,[3] as follows:

<hr />

[3]The remainder of W. Va. Code § 21-9-11a (2011) (Repl. Vol. 2013) directs:

(a) **Inspection of manufactured housing.** — When a purchaser or owner of a manufactured home files a written complaint with the board alleging defects in the manufacture, construction or installation of the manufactured home, and any additional information the board considers necessary to conduct an investigation, the board shall, within sixty days, to the extent feasible, cause an inspection of the manufactured home by one or more of its employees or person authorized and supervised by the board. The board shall provide the consumer a written report indicating whether the defects alleged by the complaint constitute violations of federal or state statutory or regulatory standards or good and customary manufacturing standards in the construction, design, manufacture or installation of the manufactured home. If the report indicates that the alleged defects constitute a violation, the board shall take such further administrative action as provided for in this article including, but not limited to, ordering the manufacturer, dealer or contractor to correct any defects.

. . . .

(c) **Notice of consumer rights.** — Every dealer or contractor who moves homes from one place to another shall provide written notification to every purchaser of a manufactured home of the availability of administrative assistance from the board in investigating and ordering corrections of any defect in the manufacture or installation of a manufactured home and the period of exclusive jurisdiction given to the board. The board may prescribe that the notice contain any information the board determines to be beneficial to

(continued...)

7

(b) **Period of exclusive administrative remedy.** — *No purchaser or owner of a manufactured home may file a civil action seeking monetary recovery or damages for claims related to or arising out of the manufacture, acquisition, sale or installation of the manufactured home until the expiration of ninety days after the consumer or owner has filed a written complaint with the board.* The board has a period of ninety days, commencing with the date of filing of the complaint, to investigate and take administrative action to order the correction of defects in the manufacture or installation of a manufactured home. This period of exclusive administrative authority may not prohibit the purchaser or owner of the manufactured home from seeking equitable relief in a court of competent jurisdiction to prevent or address an immediate risk of personal injury or property damage. The filing of a complaint under this article shall toll any applicable statutes of limitation during the ninety-day period but only if the applicable limitation period has not expired prior to the filing of the complaint.

(Emphasis added). The meaning of the first sentence of this subsection, which is central to the resolution of the case *sub judice*, is disputed by the parties. We therefore turn to the rules of statutory construction for guidance in ascertaining the meaning of this language.

When construing a statutory provision, it is essential to afford the enactment an interpretation that comports with the intent of the Legislature. We previously have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108,

[3](...continued)
the purchaser or owner of the manufactured home in exercising that person's rights under this section.

8

219 S.E.2d 361 (1975). To ascertain legislative intent, it is necessary to consider the wording of the promulgation at issue. "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968). *Accord Appalachian Power Co.*, 195 W. Va. at 587, 466 S.E.2d at 438 ("We look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed."). Thus, "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959).

Applying these tenets to the statute presently before us, we find W. Va. Code § 21-9-11a to be a clear and unambiguous statement of the Legislature's intention to require individuals aggrieved by a matter involving a manufactured home to first file an administrative complaint with the West Virginia Manufactured Housing Construction and Safety Board before filing a civil action in the circuit court seeking "monetary recovery or damages" therefor. W. Va. Code § 21-9-11a(b). The statutory language clearly mandates that

> [n]o purchaser or owner of a manufactured home may file
> a civil action seeking monetary recovery or damages for claims

9

related to or arising out of the manufacture, acquisition, sale or installation of the manufactured home until the expiration of ninety days after the consumer or owner has filed a written complaint with the board.

W. Va. Code § 21-9-11a(b). Our construction of this language as imposing a mandatory administrative complaint filing requirement as a prerequisite to filing a civil complaint is supported by the Legislature's statement of intent accompanying its recent reenactment of this provision in 2011. In the preamble to the amendatory legislation, the Legislature specifically stated that it was "AN ACT to amend and reenact §21-9-11a of the Code of West Virginia, 1931, as amended, relating to clarifying that the filing of a complaint with the state regulatory board is a prerequisite for the filing of a lawsuit." S.B. 439, 2011 Leg., Reg. Sess. (W. Va. 2011).

Despite the respondents' contentions to the contrary, we do not find that this administrative filing requirement is tempered by either the nature of the relief the Board may afford to the aggrieved person[4] or by whether the notice of administrative rights has been given to the consumer.[5] In fact, the only statutory language qualifying the administrative filing requirement excuses compliance therewith in just two specific instances: "[t]his period of exclusive administrative authority may not prohibit the purchaser or owner of the

---

[4]*See generally* W. Va. Code § 21-9-10 (2006) (Repl. Vol. 2013); *Conseco Fin. Serv'g Corp. v. Myers*, 211 W. Va. 631, 567 S.E.2d 641 (2002).

[5]*See* W. Va. Code § 21-9-11a(c).

manufactured home from seeking *equitable relief* in a court of competent jurisdiction *to prevent or address an immediate risk of personal injury or property damage*." W. Va. Code § 21-9-11a(b) (emphasis added). Nevertheless, neither of these circumstances exist in the case *sub judice* insofar as Mr. and Mrs. Likens have not sought equitable relief "to prevent or address an immediate risk of personal injury or property damage," W. Va. Code § 21-9-11a(b), in their complaint. Nor is the chronology of events giving rise to the underlying proceeding indicative of the type of emergent situation contemplated by this statutory language insofar as the Likenses filed their complaint against the petitioners nearly two and one-half years *after* they had incurred the majority of their claimed damages.

Based on the foregoing analysis, we therefore hold that the plain language of W. Va. Code § 21-9-11a(b) (2011) (Repl. Vol. 2013) requires a purchaser or owner of a manufactured home who wishes to assert a claim "seeking monetary recovery or damages" pertaining to the "manufacture, acquisition, sale or installation of the manufactured home" to first file an administrative complaint seeking such relief with the West Virginia Manufactured Housing Construction and Safety Board. Once a period of ninety days has passed following the aggrieved party's filing of his/her administrative complaint with the Board, the purchaser or owner may then pursue his/her claims in a civil action. We further hold that, pursuant to the plain language of W. Va. Code § 21-9-11a(b) (2011) (Repl. Vol. 2013), a purchaser or owner of a manufactured home who seeks equitable relief "to prevent

11

or address an immediate risk of personal injury or property damage" is excused from the administrative filing requirement and may first file his/her cause of action seeking such relief in circuit court.

Applying these holdings to the facts of the case *sub judice*, we conclude that the circuit court erred as a matter of law in its interpretation of W. Va. Code § 21-9-11a and in its application of this statute to the facts of this case. The language of this statute expressly requires an aggrieved owner of a manufactured home to seek redress for monetary damages occasioned by the manufacture, sale, and installation of the manufactured home in a very precise and specified manner. Where, as here, the aggrieved party has not sought equitable relief "to prevent or address an immediate risk of personal injury or property damage," W. Va. Code § 21-9-11a(b), an administrative complaint must first be filed with the Board. Following the expiration of ninety days after this administrative filing, the aggrieved party may then pursue a civil action seeking monetary redress for his/her injuries. W. Va. Code § 21-9-11a(b). In the case *sub judice*, Mr. and Mrs. Likens have admitted that they did not follow this filing protocol when they filed their civil action against the petitioners in the Circuit Court of Pleasants County. Because W. Va. Code § 21-9-11a(b) required the Likenses to first file their complaint against the petitioners as an administrative complaint before the Board, they could not proceed against the petitioners in the first instance in the underlying circuit court action because they did not seek equitable relief to prevent the

12

type of injuries that would have excused them from the administrative filing requirement. Thus, the circuit court should have granted the petitioners' motion to dismiss the civil complaint filed by Mr. and Mrs. Likens because their civil action was premature insofar as they did not first file their complaint as an administrative complaint with the West Virginia Manufactured Housing Construction and Safety Board.[6]

## IV.

## CONCLUSION

For the foregoing reasons, the requested writ of prohibition is hereby granted. Furthermore, the circuit court's order of April 25, 2013, is vacated, and the circuit court is directed to enter an order granting the petitioners' motion to dismiss the complaint prematurely filed by Mr. and Mrs. Likens.

Writ Granted.

---

[6]In light of our resolution of the petitioners' first issue and our corresponding conclusion that the circuit court should have granted their motion to dismiss the Likenses' complaint, we need not address the petitioners' second issue regarding the sufficiency of said complaint.

13